IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEAN,

       Plaintiff,                  No. CIV 2:12-cv-0750-KJM-JFM (PS)

   vs.

PALM SPRINGS OIL CO., CAROL L. PINEDA,                ORDER AND

       Defendant.               FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is proceeding in this action pro se. Plaintiff seeks to proceed in forma pauperis. 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(c)(21).

       Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

       The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court has reviewed the complaint filed March 26, 2012 naming defendants Palm Springs Oil Company and Carol L. Pineda. Therein, plaintiff alleges that on March 10, 2012, he was working in a rented office space in Palm Springs when he began to feel dizzy. Plaintiff claims he was experiencing a heart attack and "took nitro stat after second pill pain diminished." He then asserts that the manager of the office space closed a door that plaintiff had opened for fresh air. Plaintiff believed that the lack of oxygen in the office space caused his heart attack. After explaining this to the manager, the manager again closed the door and plaintiff again felt sick. He then went to the Eisenhower Medical Center, where he was treated. Plaintiff alleges the property does not have a proper "HVAC"[1] permit.

The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

---

[1] HVAC presumably stands for "heating, ventilation and air conditioning."

succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. Moreover, the court finds that leave to amend would be futile in this case. Plaintiff provides no basis for jurisdiction in federal court and, based on the allegations in the complaint, venue appears to be improper as the alleged violations occurred in Palm Springs, California.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 95 1 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;dean0750; ifp-dismiss